IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID D. JOHNSON, 22330-047, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-2531-D |
| | ) | |
| WARDEN MEJIA, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Factual background**

Petitioner is an inmate in the federal prison system. He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 1, 2012, Petitioner was sentenced in United States District Court for the District of Nebraska to seventy-two months in prison. (Pet. at 3.) At the time he filed this petition, Petitioner was incarcerated in Seagoville, Texas. He states that the Bureau of Prisons ("BOP") is unlawfully transferring him to a prison in Ohio in violation of BOP policy. He seeks an order that he placed near his residence in Omaha, Nebraska.

**II. Discussion**

It is well settled that "[a] necessary predicate for the granting of federal habeas relief [to a

petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Under 18 U.S.C. § 3621(b), the BOP may direct confinement of a prisoner in any available facility and may transfer a prisoner from one facility to another at any time. Federal prisoners generally have no constitutional right to placement in a particular penal institution. *Moore v. United States Att'y Gen.*, 473 F.2d 1375 (5th Cir. 1973). His petition should therefore be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be denied.

Signed this 24 day of Sept, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).